Matteson, (Super. Ct. Buff.) 11 N. Y. Supp. 573, citing the last case, it was said:

"The motion is to be determined upon an inspection of the pleading, and if, from such inspection, the court can see with reasonable certainty the meaning of the allegations, and the cause of action intended therein to be set forth, the pleading will be held sufficient to resist a motion to make it more definite."

Applying these rulings, or taking the one which the respondent furnishes, viz. that where a specific allegation is obscure the remedy is by motion to make more definite and certain, we think the conclusion to be reached upon an inspection of the pleadings is against the view contended for by respondent. We fail to see in what respect the specific allegation is obscure. It is true that the evidence to establish this allegation is not set forth, nor is that necessary in a pleading. Upon reading this complaint, no doubt can exist as to what the allegation means. It is a statement that the defendant "knew of facts and circumstances sufficient to charge him with knowledge of the falsity thereof." This is but a statement that the defendant had reasons for knowing that the representations made were false, that they were not known to the plaintiff, and they were such that good faith on the part of the defendant required him to make them known to the plaintiff. We agree with the appellant that the effect of granting the motion would be to compel a disclosure of its evidence, because to require a statement of the facts and circumstances known by the defendant, and which are claimed to have been sufficient to charge him with knowledge of the falsity of the representations, is but asking the plaintiff to disclose what evidence he has of defendant's knowledge in this particular. We do not think that there is anything indefinite or uncertain in the allegation; and where, as here, the charge relates to facts which must be shown to have been within the knowledge of the defendant, he is not entitled to the relief sought. Besides, as said in Williams v. Folsom, (Sup.) 10 N. Y. Supp. 895, "allegations of fraud are not required to be stated with great particularity." We are of opinion, therefore, that the motion should not have been granted, and the order appealed from is therefore reversed, with costs and disbursements, and the motion denied.

---

## JAMES v. WORK.

(Supreme Court, General Term, First Department. February 17, 1893.)

1. APPEAL—SETTLEMENT OF CASE—ACTION OF TRIAL COURT.

The action of a trial court in denying the resettlement of a case is conclusive on the appellate court, where it is not apparent that there has been a denial of a substantial right.

2. SAME—STATEMENT—TIME OF COMMENCING ACTION.

Gen. Rule Pr. 41, provides that, when an appeal is noticed for a general term, appellant shall furnish a statement showing the time of the commencement of the action. *Held*, that the rule would be satisfied by stating that an action was commenced " on or about " a certain date, and a motion to resettle the case, by inserting such words before the date, should have been allowed in an action at law on the ground of fraud, where it was contended

that, if the date was stated positively, it might be construed as a waiver of the point raised on the trial that the action at law for fraud was commenced after an action for an accounting in regard to the same matter.

**3. SAME—ISSUES INVOLVED.**

Where the issue is whether plaintiff first commenced an action in equity for an accounting, and was thereby precluded from bringing an action at law for fraud, and plaintiff's amendment to defendant's proposed case on appeal that the words " in equity suit, " which were not used on the trial, be inserted in the summons of the second action, is allowed, a motion to resettle the case, by striking out the amendment, should be granted, since the trial judge should not have determined the issue in plaintiff's favor on the settlement of the case.

Appeal from special term, New York county.

Action by Edward C. James against James Henry Work. From an order denying a motion for resettlement of the amended case on appeal, defendant appeals. Affirmed in part and reversed in part.

The action was based on alleged fraudulent representations made between February, 1884, and May, 1884, by defendant, as to the solvency of the firm of Grant & Ward and the existence of certain contracts, by which plaintiff was induced to intrust to defendant large sums of money which he claims were lost by such deceit. Another action was brought by plaintiff against the same defendant, in which defendant was asked to account for profits alleged to have been made by him in the various transactions. On February 11, 1890, plaintiff made a demand on defendant for certain extra profits which he had not accounted for, and served the following summons on him: " Edward C. James, Plaintiff, against James H. Work, Defendant. Summons. You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, and, in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint." On February 12, 1890, plaintiff served another summons on defendant, which, with the proof of service, (Exhibit L4,) was as follows: "Edward C. James, Plaintiff, against James H. Work, Defendant. Summons. To the Above-Named Defendant. You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, and, in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint." Robert McC. Robinson, being duly sworn, says that he is of the age of 21 years and upwards; that on the 12th day of February, 1890, between the hours of 2 P. M. and 3 P. M., at No. 2 Wall street, New York city, he served James H. Work, the defendant herein, with the annexed summons, by delivering to the same and by leaving a copy of the same with said defendant personally; and he further says that he knew the person served to be the person mentioned and described in said summons, and to be the defendant in this action. On March 22, 1890, two complaints—one in an action for fraud, and one in an action for an accounting—were served together. It was claimed by defendant on the trial that by making the demand on February 11th, and serving a summons immediately afterwards, plaintiff elected to ratify the agency of defendant, and to sue him as such agent for an accounting, and, by serving the summons, did then commence a suit for such accounting, and was thereby precluded from afterwards bringing an action at law for fraud.

Plaintiff's amendments Nos. 1 and 151 to defendant's proposed case on appeal, which were allowed, were as follows: Amendment No. 1: "On page 1 strike out lines 13 to 17, inclusive, and instead thereof insert as follows: 'This action was commenced on the 11th day of February, 1890, by service of summons. The complaint was served on the 22d day of March, 1890. The answer of the defendant was served on the 11th day of April, 1890. The.'" Amendment No. 151: "On page 190, in line 15, after the word 'summons' insert 'in equity case,' and between lines 16 and 17 insert the summons and proof of service, Exhibit L4, in full."

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Adolph L. Pincoffs, (Noah Davis, of counsel,) for appellant.
Edward C. James, in pro. per.

PER CURIAM.    Appeals seeking to review the action of the trial judge in settling a case are not regarded with favor, and the decision of the trial judge is conclusive upon the appellate tribunal, except in cases where it is apparent that there has been upon the resettlement a denial of a substantial right.    This view disposes of all the questions raised on this appeal, excepting two, relating to the 1st and 151st amendments, which were allowed, and which, on motion, the trial judge refused to strike out.

The first amendment refers to the preliminary statement which, by the rules, is required to be inserted in the case,—as to when the action was begun.    The rule[1] would be satisfied by the insertion of the words "on or about" February 11th, instead of fixing the date as positively of the 11th of February; and in view of the stress placed upon the position of the appellant that, if the date were stated positively, it might be construed into a waiver of the point raised upon the trial, we think it should be allowed.    The reasons for this conclusion are more apparent when we come to consider the 151st amendment, by which it was sought to have inserted "after the word 'summons' the words 'in equity suit,'" which words sought to be inserted were not used upon the trial.    It is not disputed but that the defendant then made the point that the equity suit was first commenced, and that thereby the plaintiff was precluded from afterwards bringing an action at law for fraud, and that the plaintiff's evidence was directed to showing that this contention was unfounded, and that the summons marked "L4" was the summons in the equity suit.    This, however, was the point at issue between the parties; and we think that the trial judge should not have determined this in plaintiff's favor, upon the settlement of the case, which is the result of now characterizing the summons offered in evidence by the words "in the equity suit."    The summons with the proof of service, or the exhibit just as it was presented, and with the offer made at the time it was presented, are entirely proper, and will appear in the case as settled. This, supplemented with the testimony on the part of the plaintiff, places the plaintiff's rights with respect to this question in the same position as they were upon the trial.    We think, therefore, that the order denying the motion for the resettlement in respect to these two amendments should be reversed, and in all other respects affirmed, without costs to either party.    All concur.

[1]Gen. Rule Pr. 41 requires that, "when an appeal is noticed for a general term, * * * the appellant shall furnish * * * a statement showing the time of the commencement of the suit."