GILDERSLEEVE, J.   This is a motion to set off a claim, alleged to be due from defendant to the plaintiff, against the costs recovered by the defendant against the plaintiff in an action between the parties, and taxed in the judgment.   Assuming that plaintiff's claim is well founded; that the amount stated in the affidavit is actually owing to the plaintiff from the defendant, which does not appear to be conceded by the defendant,—still I see no reason for changing the opinion expressed by me upon the application for the order to show cause herein.   The costs belong to the attorney, and his claim thereto is superior to the right of the adverse party to set off claims against the successful one.   See Bevins v. Albro, 86 Hun, 590, 33 N. Y. Supp. 1079;  Delaney v. Miller, 84 Hun, 244, 32 N. Y. Supp. 505;  In re Bailey, 31 Hun, 608;  Marshall v. Meech, 51 N. Y. 140. This doctrine is contested by the plaintiff, who cites, in support of his contention, the cases of Taylor v. Railroad Co., 25 Misc. Rep. 11, 53 N. Y. Supp. 830;  Perry v. Chester, 53 N. Y. 240; and Starin v. Mayor, etc., 106 N. Y. 82, 12 N. E. 643.   The first is a special term decision of the Second department, and cannot prevail against the decisions of the general term and of the court of appeals above cited, even if it is certain that it, in fact, does bear out plaintiff's claim. I have examined with care the two court of appeals decisions cited by the plaintiff, and I do not find that they apply to the case at bar, or disapprove of the doctrine laid down in the general term decision above cited.   This motion must be denied, with $10 costs to the defendant.

Motion denied, with $10 costs to defendant.

---

McMANUS v. WESTERN ASSUR. CO. OF TORONTO, CANADA.

(Supreme Court, Appellate Division, Second Department.   April 18, 1899.)

1. APPEAL—CORRECTION OF CASE—AUTHORITY OF JUDGE.
    A judge may correct a case after it is filed pursuant to a stipulation, if it does not state the occurrences on the trial according to the facts.

2. SAME—RECORD—DOCUMENTS.
    A document that was not read or used in evidence should not be set out in the record as having been offered in evidence.

3. SAME—APPEAL BOOK—STATEMENT OF FACTS.
    A judge may require the printing in the appeal book of a statement of facts in his opinion denying a motion for a new trial, to inform the appellate division of the view of the facts on which his legal conclusions are based.

4. SAME—ARGUMENT—INJUNCTION.
    An order at special term directing defendant to make corrections in a case should not restrain him from moving the same for argument, or arguing the same on appeal, until the case is corrected.

Appeal from special term, Kings county.

Action by Ann McManus against the Western Assurance Company of Toronto, Canada.   From orders relating to the settlement of the case on appeal, plaintiff appeals.   Affirmed.

For former opinion, see 48 N. Y. Supp. 820.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George A. Stearns, for appellant.
Charles Wehle, for respondent.

WILLARD BARTLETT, J. This appeal brings up an acrimonious controversy concerning the settlement of a case on appeal. The action of the trial judge in the matter is expressed in four orders. One of these is a special-term order, and the others are orders of a judge out of court. The appellant presents for our consideration a number of technical questions of practice, the determination of which is not necessary for the protection of his rights upon the appeal. In reference to these questions, it is enough to say that we think a trial judge has authority to correct a case, even after it has been filed pursuant to a stipulation of the attorneys, if the judge ascertains that it does not state the occurrences upon the trial in accordance with the facts. Of course, it is incumbent upon him, under such circumstances, to give notice to the parties or their counsel; but they cannot, by any agreement between themselves, successfully insist upon presenting an incorrect record of his judicial action to the appellate court.

There are but three questions of any considerable importance arising out of the resettlement in this case: (1) Whether a certificate of certain insurance appraisers should be set out as having been offered in evidence by the plaintiff; (2) whether the statement of facts in the first part of Judge Gaynor's opinion denying defendant's motion for a new trial should be printed in the appeal book; and (3) whether the ruling of the court permitting an amendment of the complaint at the beginning of the trial, and defendant's exception thereto, ought to have been stricken out.

1. As to the appraisers' certificate, the trial judge states positively that it was not read or used in evidence. As the jury did not hear it, they could not have been influenced by its contents, and therefore it should not go into the record.

2. As to the statement of facts in the opinion, the judge might properly require it to be printed, in order that the appellate division should be informed of the view of the facts upon which he based his legal conclusions.

3. As to the proceedings in reference to the amendment of the complaint, we understood counsel upon the oral argument to say that, with the approval of the trial judge, it had been agreed that this portion of the proposed case should be restored to the case on file.

The special-term order of October 17, 1898, not only directed that certain corrections should be made in the case, but, until the case was so corrected, it restrained the defendant and its attorney and counsel from "moving the same for argument, or arguing the same on appeal." The order should be modified by striking out this portion, and, as thus modified, affirmed. The judge's order of December 1, 1898, so far as it settles the case, and orders the same on file, should be affirmed. This affirmance, however, does not relate to the first paragraph of the paper, in which the learned judge speaks of the conduct of defendant's counsel as defiant and disobedient, and refers to the printed case as a false case. These remarks constitute an expression of judicial opinion, unusual in an order; and we do not pass

upon them, in upholding the judicial fiat which follows. The judge's orders of December 24 and 30, 1898, relate to recitals in the preceding · order, and should also be affirmed. Ordered accordingly. ˙No costs of this appeal to either party. All concur.