## ALFRED ZUCKER v. BLUMENTHAL.

(Supreme Court, Trial Term, New York County. May 19, 1899.)

APPEAL AND ERROR—CASE.

Code Civ. Proc. § 997, requiring that a case on appeal should contain so much of the evidence and other proceedings as is material to the questions to be raised, and also the exceptions taken by the party making it, is not satisfied by a proposed case which contains nothing more than a statement that the judgment roll, order denying motion for new trial, notice of appeal, and exhibits are to be inserted, to which is added an unsigned order, permitting the printing of the stenographer's minutes in hæc verba.

Action between Alfred Zucker, incorporated, and George A. Blumenthal. On settlement of proposed case. Approval denied.

Frederick St. John, for plaintiff.
G. R. Hamburger, for defendant.

McADAM, J. The appellant on May 3, 1899, served what he calls a proposed case on appeal, which consists of nothing more than a statement that the judgment roll, order denying motion for new trial, notice of appeal, and exhibits are to be inserted, followed by these words: "In order that the appellant's rights may be properly protected upon the appeal herein, I hereby order that the stenographer's minutes be printed in hæc verba. N. Y., May 19, 1899. ————, Justice N. Y. Supreme Court." The appellant evidently supposed that the trial court would complete the case by signing the order proposed. The respondent, on May 4, 1899, returned the paper so served for the reason that, as a proposed case on appeal, it did not conform to section 997 of the Code of Civil Procedure. That provision requires that "the case must contain so much of the evidence, and other proceedings upon the trial, as is material to the questions to be raised thereby, and also the exceptions taken by the party making the case." See, also, rule 34, Gen. Rules Prac. The paper served by the appellant does not contain a word of evidence, or any statement of what the evidence was, nor does it contain any ruling made by the trial judge, or any exception to anything that occurred at the trial. The practice of using the stenographic minutes as the evidence in a cause has been often condemned (Howland v. Woodruff, 60 N. Y. 73; Jewell v. Van Steenburg, 58 N. Y. 86; Ryan v. Wavle, 4 Hun, 804); and it is even more objectionable to use them by a mere statement to insert them in a case, without giving the respondent the opportunity of inspecting them to ascertain what they contain, that any inaccuracy therein may be corrected by amendment. The paper served is, in no legal sense, a case on appeal, and cannot be approved or ordered on file, and the application for such a direction, as in default in the service of proposed amendments by the respondent, must be denied. No costs.