(29 Misc. Rep. 447.)

WATSON v. DUNCAN et al.

(Supreme Court, Trial Term, Westchester County. November, 1899.)

1. APPEAL—SETTLED CASE.

   A case on appeal cannot be settled by stipulation. It must be settled by the trial judge.

2. SAME—SETTLEMENT OF CASE—EVIDENCE—DUTY OF TRIAL JUDGE.

   Under Code Civ. Proc. § 997, which provides that the appellant must procure the settlement of a case on appeal by the trial judge, and that the case must contain so much of the evidence as is material to the question to be raised, it is the duty of the trial judge to refuse to settle a case which contains evidence not material to the question to be raised.

Application by Willis S. Watson, in an action against John P. Duncan and others, on appeal, to file a case settled by stipulation. Application denied.

Robert J. Mahon, for plaintiff.

Ormiston & McCormack, for defendants.

GAYNOR, J. This case on appeal is presented to me to be ordered on file. It purports to be settled by stipulation. A case on appeal cannot be settled by stipulation. It must be settled by the trial judge. I cannot settle this case in its present form. The appeal is from a judgment dismissing the complaint on the evidence. The action was to recover damages for personal injuries. A case on appeal should contain no evidence not material to the question to be raised thereby. Yet this case contains even the evidence of the physician of the extent of the injuries. Is it supposed that the judges on appeal must read it? And why? They will only want the evidence bearing on the questions of negligence, and that in the most compact form. There is much other evidence in this case of an immaterial and frivolous character. Everything which cannot be cited by counsel in argument as bearing on the questions of negligence should be omitted. The one desire of appellate judges is to get to the point. Can counsel for an appellant think he helps his appeal by making it necessary for them to grope through irrelevant and frivolous matter in order to get to the point? And why should clients be made to pay for printing such matter? Moreover, the evidence is here given by question and answer instead of being reduced to a strict narrative. It is the duty of a trial judge not to allow a case made up like this one to go to the appellate courts. They have a right to expect that trial judges will protect them from such an imposition, and it is the bounden duty of trial judges to do so. Code Civ. Proc. § 997; Gen. Rules Prac. 32–34. And there is another aspect of the matter which should count for very much, and that is that the way in which cases on appeal have come to be prepared in this state is not creditable to an educated and scientific bar. Do learned counsel sometimes think of the unfavorable impression which learned and tasteful appellate judges must get of them from illiterate, redundant and unscientific cases on appeal?

The application to order the case on file is denied.