(32 Misc. Rep. 462.)

### WIERICHS v. INNIS.

(Supreme Court, Special Term, New York County. September, 1900.)

1. APPEAL—DIRECTING VERDICT—EXCEPTION.
  Where defendant excepted to the direction of a verdict for plaintiff, and asked to go to the jury on the facts, he was entitled to appeal, to present the objection that there were questions of fact for the jury.

2. SETTLEMENT OF CASE—RIGHT TO A RESETTLEMENT.
  Code Civ. Proc. § 992, provides that an exception may be taken to a ruling of the court on any question of law arising on the trial of an issue of fact, and that a trial by jury is regarded as continuing until the verdict is rendered. Held, that the fact that the trial court struck out of defendant's case, as proposed for appeal, advice given by the court to the jury after the verdict had been recorded, did not entitle defendant to a resettlement of the case, since such matter constituted no part of the trial.

3. SAME—STENOGRAPHER'S NOTES—AUTHORITY OF TRIAL COURT.
  Code Civ. Proc. § 997, provides that a case on appeal must contain so much of the evidence and other proceedings on the trial as is material to the questions to be raised thereby. Held, that the striking out by the court of irrelevant matter in the stenographer's notes included in the proposed settlement of the case, and assented to by plaintiff, was proper.

Action by Harriet Wierichs against Janie Innis. Judgment for plaintiff. Motion by defendant to resettle case on appeal. Motion denied.

Fromme Brothers, for motion.
Jas. G. K. Lee, opposed.

McADAM, J. The case was not submitted to the jury. There was a mandatory direction to find for the plaintiff. The exception to this direction is sufficient to present the objection on appeal that there were questions of fact for the jury. Trustees v. Kirk, 68 N. Y. 459; Bank v. Dana, 79 N. Y. 108, 110; Stone v. Flower, 47 N. Y. 566; Vail v. Reynolds, 118 N. Y. 301, 23 N. E. 301. In addition thereto, the defendant asked leave to go to the jury on the facts. This was denied, and a further exception taken. This surely enables the defendant to review the propriety of these two rulings. In the proposed case served, the defendant has gone further, and inserted the reasons given by the trial judge for making the direction; and even to this an exception has been allowed, notwithstanding the rule that questions not submitted to the jury cannot be made the subject of an exception. Schenck v. Andrews, 57 N. Y. 149. One would naturally suppose that the defendant would be content with this liberal settlement of the case, but he has gone further, and inserted some advice given to the jury as to the danger of signing what were supposed to be merely formal instruments, which afterwards prove to be enforceable. This was after the verdict had been recorded, and formed no part of the trial, which ended when the verdict was directed. Code, § 992. The case as proposed was assented to by the plaintiff, and for this reason the defendant claims that the court cannot expunge any matter inserted in the proposed case, however irrelevant it may be, so long as it appears in the stenographer's minutes; and this whether it occurred during the trial or afterwards. This is a mistaken notion of the practice. McManus v. Assurance Co., 40 App. Div. 86, 57 N. Y. Supp. 559. The appeal book is to contain only so much of the evidence as is material to the questions to be raised thereby, and also the exceptions taken by the party making the case. Code, § 997. All unnecessary matters must be omitted. 3 Enc. Pl. & Prac. 887. The practice of taking stenographic notes for a case on appeal has always been condemned, as having a tendency to incumber the record with voluminous irrelevant matter. Jewell v. Van Steenburgh, 58 N. Y. 86; Howland v. Woodruff, 60 N. Y. 73; Alfred Zucker v. Blumenthal (Sup.) 58 N. Y. Supp. 318. As was said by the court in Donai v. Lutjens, 20 Misc. Rep. 221, 45 N. Y. Supp. 364, "It is the duty of trial judges to protect the appellate division from uncouth and cumbersome appeal records, and it is the duty of attorneys not to propose such cases for settlement." See, also, cases cited in Zelinka v. Krauskopf, 1 City Ct. R. 89. To reinstate the expunged matter would imply that the court considered it essential to obtain a review of the propriety of the direction, when it has no connection therewith. The defendant's motion for a resettlement must therefore be denied. Motion denied.