ABIGAIL V. DITMAS, Individually and as Sole Surviving Administratrix, etc., of HENRY C. DITMAS, Deceased, Respondent, *v.* JAMES McKANE and Others, Appellants.

*Settlement of a case on appeal — duty of the justice settling it — his decision, how far conclusive.*

In the settlement of a case upon appeal, what occurred upon the trial must be ascertained from what the presiding justice finds to be the truth.

He may hear and consider the affidavits of the parties and their counsel, inspect their notes as well as his own, and consult his own recollection, as well as other accessible means of information.

It is his duty to settle the case according to his own recollection of what occurred, and he cannot be compelled to place upon the record statements of facts which are at variance with his recollection.

The law does not look with favor upon contests over the settlement of cases upon appeal, and the decision of the trial justice will be treated as conclusive unless there is a manifest abuse of power.

APPEAL by the defendants, James McKane and others, from an order of the Supreme Court, made at Special Term, denying the defendants' motion to resettle the case on appeal in this action.

*George W. Roderick* and *James A. Sheehan,* for the appellants.

*Joseph A. Burr,* for the respondent.

WOODWARD, J.:

The proposed case on appeal contained a statement at length of motions for judgment alleged to have been made at the close of the case by defendants Fanny McKane, George W. Roderick, Theodore McKane and George N. McKane, and specifying the grounds of such motion. Plaintiff's proposed amendment struck out the whole of that portion of the case upon the ground that no such motions were ever made. The trial court allowed the amendment and struck out the matter as improperly in the case. George W. Roderick thereupon moved to resettle the case and to restore the rejected matter to its place in the case, and from the order denying this motion this appeal is taken. There was a conflict in the affidavits as to what occurred upon the trial, and the learned justice presiding holds that the formal record as made by the stenographer shows substantially what occurred upon the trial, and the stenographer's minutes do not disclose the matters which the plaintiff seeks to have inserted.

The rule is well settled that " in the settlement of a case, what occurred upon the trial must be ascertained from what the presiding justice finds to be the truth. (*Matter of Tweed* v. *Davis,** 1 Hun, 252, 255.) And ' he may hear and consider the affidavits of the parties and their counsel, inspect their notes as well as his own, and consult his own recollection as well as other accessible means of

*\* Tweed* v. *Davis.*

information for the purpose of settling the controversy between the parties concerning what may have actually taken place.' But if he is asked to place upon the record statements of fact which are at variance with his own memory of what happened, he cannot be compelled to do so, nor would it be proper that he should. It is not only his right, but his duty, to settle the case according to his own recollection of what occurred, if he is perfectly confident that such recollection is correct." (*Grossman* v. *Supreme Lodge of Knights & Ladies of Honor*, 22 N. Y. St. Repr. 522; *James* v. *Work*, 51 id. 323.) This is an equitable action and it does not appear that any substantial right of the plaintiff is involved in this motion. The courts do not look with favor upon contests of this character, and the orderly administration of the law requires that the determination of matters of this kind should be conclusive, unless there is a manifest abuse of power. (*James* v. *Work, supra.* See, also, *McManus* v. *Western Assurance Co.*, 40 App. Div. 86.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

GOODRICH, P. J., HIRSCHBERG and HOOKER, JJ., concurred; JENKS, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.

