### BURKE v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

APPEAL—CASE—AMENDMENTS—RESETTLEMENT.

Where, on an application for the amendment of a proposed case on appeal by the insertion of a colloquy between court and counsel, which did not appear in the stenographer's minutes, affidavits were read affirming and denying that such colloquy actually took place, and the trial judge had recourse to his own recollection, and, acting on that, decided that the colloquy did occur, and permitted it to remain in the case on appeal, the Appellate Division will not interfere with the record so settled.

Appeal from Special Term, Queens County.

Action by Mary C. Burke, as executrix of Thomas P. Burke, deceased, against Joseph F. Baker and others, impleaded with the city of New York. From an order denying defendants' motion for a resettlement of the case on appeal, and disallowing an amendment previously allowed by the trial judge, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

William W. Goodrich (Nelson Smith, with him on the brief), for appellants.

Thomas F. Magner, for respondent.

PER CURIAM. The amendment to the proposed case on appeal of which the defendants complain is a statement of a colloquy between court and counsel upon the trial of the action, which is regarded by counsel for the appellants as a representation that they made a concession as to the issues to be tried which was injurious

to the interests of their clients. This colloquy did not appear in the stenographer's minutes, but affidavits were read upon the motion for resettlement affirming, on the one hand, and denying, on the other, that such colloquy actually took place. The learned trial judge had recourse to his own recollection on the subject, and, acting upon that, decided that the colloquy in fact occurred, and he therefore has permitted it to remain in the case on appeal. Under these circumstances, it is well settled that the Appellate Division will not interfere with the record. Ditmas v. McKane, 87 App. Div. 54, 83 N. Y. Supp. 1077, and cases there cited.

It is proper to add that we do not deem the concession set out in this amendment as injurious to the defendants as their counsel seem to suppose it to be. The suit was brought to collect from a large number of firemen their salaries for the year 1899, which they were alleged to have assigned to the plaintiff's intestate for value received. The answers denied the alleged assignments, and pleaded further that they were procured without consideration, by false, subtle, and deceptive promises, which were specifically set forth. Giving all force which can properly be given to any admission involved in the colloquy which has been mentioned, it left and leaves counsel for the defendants still at liberty to insist upon every denial and defense set up in their answers. Even if this were not so, however, the rule laid down in Ditmas v. McKane, supra, makes the recollection of the trial judge as to what occurred upon the trial conclusive upon this court under the circumstances of the case.

It follows that the order appealed from must be **affirmed.**

Order affirmed, with $10 costs and disbursements.