### BURKE v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. APPEAL—QUESTIONS REVIEWABLE—OBJECTIONS—WAIVER.

Where at the trial of an action for attorney's services plaintiff had witnesses ready to testify to the fairness of the charge, and the court excluded the evidence, with the statement that it understood no attack was made on that ground, and the record also showed that defendants' counsel "indicated their assent to this statement," defendants were not entitled to object on appeal to the amount allowed.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1053, 1066.]

2. ATTORNEY AND CLIENT—CONTRACT FOR SERVICES—AMOUNT OF COMPENSATION
—REVIEW.

Under the statute authorizing the compensation for attorney's services
to be fixed by contract between attorney and client, the amount contracted
for will not be reviewed by the court unless it is so excessive as to evince
a purpose on the part of the attorney to obtain an undue advantage of the
client.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client,
§ 328.]

3. SAME—EVIDENCE.

In an action for services of an attorney since deceased, the record of his
diaries was admissible to show the services rendered.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client,
§ 1432.]

Appeal from Special Term, Queens County.

Action by Mary C. Burke, as executrix of Thomas P. Burke, de-
ceased, against Joseph F. Baker and others, impleaded with the city of
New York. From a judgment in favor of plaintiff, defendants appeal.
Affirmed.

See 93 N. Y. Supp. 215.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

William W. Goodrich (Nelson Smith, on the brief), for appellants.
Thomas F. Magner, for respondent.

PER CURIAM. The learned Special Term at first blush thought
that the plaintiff's testator did not perform his contract, and so ordered
a reference, to determine what deduction should be made from the
stipulated compensation, because another had presented the case in this
court. On reargument the court wrote that it had been in error, and
a more careful reading of the testimony had convinced it that the tes-
tator had fully performed his contract before his death.

The issue tendered by the pleadings, and adhered to very near the
close of the plaintiff's case, was that the written agreement for compen-
sation made by each defendant with Mr. Burke was not understand-
ingly executed by the defendant, and that an essential condition thereof
was that Mr. Burke was to have the men reinstated within 30 days. We
think that there is no ground that warrants our disturbance of the find-
ings of the court that Mr. Burke performed his contract. Lowery v.
Erskine, 113 N. Y. 52, 20 N. E. 588. The position of the city re-
quired, inter alia, evidence to meet its contention that the appropriation
had been exhausted. That this was the crucial point is evident from
the opinion of the court at Trial Term, reported in People v. Scan-
nell, 69 App. Div. 401, 75 N. Y. Supp. 122. To produce such evidence
required thorough, exhaustive, and painstaking labor. Mr. Burke, as
former corporation counsel for Long Island City, had been naturally in
close touch with its affairs during the period in question. He was, so
to speak, a legal specialist, particularly acquainted with the facts, or at
least knowing where to look for them readily. There is evidence that
the other attorneys and counsel had not seen fit to prepare themselves
upon these facts, that they had indeed called upon their clients to furnish
the evidence, and that in this extremity Mr. Burke and his associate:

97 N.Y.S.—49

were called into the case by the clients. Mr. Burke had been in association with Mr. Stevens, the original attorney or counsel, but that relationship had ended by the entry of the order of substitution of Grady, Smith, and Crandall upon the consent of Mr. Stevens and the adjustment of Mr. Stevens' fees. When Mr. Burke was again called upon and accepted the retainer, the relationship of client and attorney began de novo. He may have driven a hard bargain with his clients, but there was no duress. They had discarded him and then found that they needed him. Non constat that others could not have prepared the case as he prepared it, perhaps with greater labor and less facilities. But that his services, from his experience and knowledge, were peculiarly valuable, or were deemed essential, affords no reason for upsetting the agreement in that he demanded and received a very large compensation. On the other hand, the fee was contingent, and this element cannot be excluded in viewing the amount thereof. Moreover, if the men were reinstated, they virtually gained life positions in a certain service. Not only is it clear that the issue required such work as Mr. Burke did on the case, and that in the nature of things the work required long and arduous labor, but there is evidence that such labor was done, that it was well done, and that the attorney and counsel with whom Mr. Burke became associated knew that it was doing, and reaped the benefit of it. Any lawyer knows that often the great burden of the labor in the preparation of a case is done, not by him who tries it as a barrister, but by some other, who does not figure at the trial, and whose voice is not heard in the court, who has no recognition from outsiders, but to whose patient and painstaking labor the result is greatly due, even though the client himself may not realize it. We cannot see how the appellants can now be heard to complain of the amount of the compensation, for at the trial the plaintiff had witnesses at hand to testify to the fairness of the charge, and the court excluded them, with the statement that it understood no attack was based upon that ground. The record shows that the learned counsel for the defendants "indicated his assent to this statement." We may say that the learned counsel contended that he made no such assent, and sought, but in vain, to exclude it from the record, as appears by Burke v. Baker, 104 App. Div. 26, 93 N. Y. Supp. 215. We refused to interfere with the record, under the rule of Ditmas v. McKane, 87 App. Div. 54, 83 N. Y. Supp. 1077, and cases there cited. We remarked in the opinion:

"It is proper to add that we do not deem the concession set out in this amendment as injurious to the defendants as their counsel seem to suppose it to be. The suit was brought to collect from a large number of firemen their salaries for the year 1899, which they were alleged to have assigned to the plaintiff's intestate for value received. The answers denied the alleged assignments, and pleaded further that they were procured without consideration, by false, subtle, and deceptive promises, which were specifically set forth. Giving all force which can properly be given to any admission involved in the colloquy which has been mentioned, it left and leaves counsel for the defendants still at liberty to insist upon every denial and defense set up in their answers."

In Matter of Fitzsimons, 174 N. Y. at page 23, 66 N. E. at page 557, the court say:

"In view of the fact that by express statute the right is conferred upon an attorney or counselor to regulate the amount of his compensation by agree-

ment with his client, which is unrestrained and unlimited by law, we cannot see how such an agreement can be interfered with and held illegal until the question has been fully and fairly investigated, and the facts relating to the transaction plainly established by a trial. The statute conferred upon the parties the right to make the contract, and conferred upon the court no authority to make it for them. If, however, upon a proper examination of the appellant's claim, it shall be found that the agreement between himself and his client was induced by fraud, or that the compensation provided for was so excessive as to evince a purpose to obtain improper or undue advantage, the court may correct any such abuse."

See, too, Boyd v. Daily, 85 App. Div. 581, 83 N. Y. Supp. 539. And in the latter case, speaking of the rule, the court also say:

"This is not an inflexible rule. It is a rule of equity, and should not be rigorously applied where, owing to the death of the attorney, it is impossible for his representatives to make 'full or plenary proof' "—citing authorities.

We do not think that it was error to admit in evidence the record of the testator's diaries in indication of the services rendered by him. Leland v. Cameron, 31 N. Y. 115; Livingston v. Arnoux, 56 N. Y. 507; Fisher v. Mayor, 67 N. Y. 77. The fact that there has been consolidation makes the total sum very large, but it must be remembered that the amount is to be paid by 52 defendants.

The judgment must be affirmed, with costs.