### MUSICA et al. v. DI MARCO et al.

(Supreme Court, Appellate Term. November 24, 1911.)

1. COURTS (§ 190*)—DISMISSAL—JURISDICTION.

    After an appeal from a judgment of a City Court, that court has jurisdiction of all matter connected with the settling of the case, and until this is done the Appellate Term, as provided by rule 3, will not dismiss the appeal.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—APPEAL FROM CITY COURT—DISMISSAL—JURISDICTION.

    After an appeal from a judgment of a City Court, the appeal is not pending in the City Court, though that court has power to settle the case; and hence it has no jurisdiction to dismiss the appeal.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 190*)—APPEAL FROM CITY COURT—DEFAULT—DISMISSAL.

    Where, after appeal from the City Court, the appellant does not settle his case within the time limited, the City Court, acting under general practice rule 33, providing that, if the party shall omit to make a case within the time limited, he shall be deemed to have waived his right thereto, can terminate the proceedings by declaring the case abandoned, after which an application to the Appellate Term to dismiss the appeal will lie.

    [Ed. Note.—For other cases, see, Courts, Dec. Dig. § 190.*]

4. COURTS (§ 190*)—CITY COURTS—DISMISSAL OF APPEAL—COURT RULES—REPEAL.

    Repeal of a City Court rule, under which the court had power to declare an appeal abandoned, does not confer jurisdiction to dismiss the appeal then pending before the Appellate Term.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from City Court of New York, Special Term.

Action by Anthony Musica and another against Nicola Di Marco and another. From an order of the New York City Court, dismiss-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing an appeal by defendants from a judgment in favor of plaintiffs, and also dismissing appeals from an order reducing the amount of the judgment and an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Achille J. Oishei, for appellants.
Nathaniel N. Holzer, for respondents.

LEHMAN, J. The plaintiffs appeal from an order dismissing their appeals from a judgment made and entered in the City Court and certain orders connected therewith. The right of appeal from judgments is expressly conferred by statute upon the unsuccessful suitor, and, if the requirements of the statute and rules of the court are complied with, he cannot be deprived of this right. If these requirements are not complied with, the successful party may move to dismiss the appeal.

[1] After an appeal is taken from a judgment of the City Court, that court has jurisdiction in all matters connected with the settling of the case; and until the case is settled the Appellate Term, under rule 3 of the rules of practice of the Appellate Term, will not dismiss an appeal. It does not follow, however, that because this court should not, until the case is settled, dismiss the appeal, the trial court has up to that time a power to dismiss it.

[2] The appeal is not pending in the City Court, and it would be an anomalous rule that would permit a trial court to dismiss a proceeding that is not pending there. The jurisdiction of the trial court, in the absence of authority specifically conferred upon it, should be confined to proceedings connected with the making of a proper return to the appellate court.

The trial court, however, has complete jurisdiction over the proceedings leading up to the making of the case, and until those proceedings are terminated it is proper that the appellate court should not assume the right to dismiss the appeal because of delay in these preliminary proceedings. These proceedings cannot be terminated, except by the settlement of the case, if the appellant proceeds according to the statute and rules of practice to perfect the appeal.

[3] If, however, the appellant is in default under the statute and rules, he loses the right which the law allowed him to proceed with his appeal, and under the jurisdiction which the trial court has maintained over the proceedings to perfect the return, it may terminate the proceedings before it by declaring the appeal abandoned. Rule 33 of the general rules of practice provides in part:

"If a party shall omit to make a case within the time limited, he shall be deemed to have waived his right thereto. * * *"

Under this rule, after the expiration of the time limited, an order may be entered giving effect to this waiver and terminating the proceedings by declaring the case abandoned. After such an order is made by the trial court, then the appellate court may properly dismiss an appeal which can never be perfected. The procedure outlined

above has until recently been the well-established practice of the City Court and of the Appellate Term.

It is claimed now that the right of the City Court to declare an appeal abandoned was exercised, not under rule 33, but under rule 35, which has now been repealed. Rule 35 provided:

"When a party makes a case, or a case and exceptions, he shall procure the same to be signed by the judge or referee, and filed within ten days after it shall have been settled, or it shall be deemed abandoned, unless the time is extended by order."

It is to be noticed that this rule made provision only for proceedings after a case was made, and has no reference to proceedings prior thereto. Its repeal could, therefore, not affect the proceedings where no case has ever been made. It is unnecessary for us to consider the effect of this rule in regard to proceedings after the service of the case, where the appellant fails to proceed to have the return filed.

[4] It is certain, however, that the repeal of a rule under which the court had power to declare an appeal abandoned cannot under any possible view be held to confer an entirely new jurisdiction over a proceeding not before it.

It follows that, where the appellant fails to make and serve a case, the trial court has the power to terminate the proceedings over which it has jurisdiction by declaring the appeal abandoned, but has no power to dismiss the appeal.

The order should therefore be reversed, with $10 costs and disbursements. All concur.