(158 App. Div. 692.)

### THOMAS v. AMERICAN MOLASSES CO.

(Supreme Court, Appellate Division, Second Department.   October 24, 1913.)

1. APPEAL AND ERROR (§ 570*)—RESETTLEMENT OF CASE.

    A motion to resettle a case on appeal to the Appellate Division is not favored, and a determination of the Appellate Term as to proceedings at the trial is conclusive, unless there was a manifest abuse of power.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2546–2549;  Dec. Dig. § 570.*]

2. APPEAL AND ERROR (§ 570*)—RESETTLEMENT OF CASE—EVIDENCE.

    The recollection of the trial justice, sustained by the stenographer's minutes of the trial, to the effect that no motion to dismiss was made, will control over a contrary affidavit made by counsel on a motion to resettle the case on appeal to the Appellate Division, so as to show that such motion was made.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2546–2549;  Dec. Dig. § 570.*]

Appeal from Special Term, Kings County.

Action by Alphonse H. Thomas against the American Molasses Company.   From an order denying defendant's motion for a resettlement of the case on appeal, it appeals.   Affirmed as modified.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Leo Levy, of New York City, for appellant.
Henry Waldman, of New York City, for respondent.

PER CURIAM.   This is an appeal from an order denying a motion to resettle the case on appeal with respect to four proposed amendments thereto, numbered 6, 8, 12, and 13.

[1] The law does not look with favor upon contests of this character, and the orderly administration of the law requires that the determination of the court at Special Term with regard to what occurred during the trial shall be conclusive unless there is a manifest

abuse of power. Ditmas v. McKane, 87 App. Div. 54, 83 N. Y. Supp. 1077.

With regard to the proposed amendments 6, 8, and 12, neither the case as actually proposed nor the case as settled by the trial justice conforms to actual occurrences as disclosed by the stenographer's minutes. Exact justice may be done the parties by inserting therein a transcript of the stenographer's minutes of the colloquy between court and counsel respecting the questions then being considered.

Proposed amendment 13 strikes out from the proposed case on appeal the words:

"Defendant moved to dismiss for a direction of a verdict, motion denied. Exception."

The moving affidavits assert that, while this trial was going on, another jury in the rear of the courtroom was being selected in the case that was to follow:

"That the evidence in the case with two exceptions was closed at the hour of the noon recess; that, upon return from lunch at the hour indicated by the court for reconvening, the parties presented themselves, and * * * defendant sought to have a certain concession appear in the record, which was agreed to, and which now appears therein; that the court stenographer had not returned from lunch at that time; that with the concession the case on both sides was deemed closed and deponent" (defendant's counsel) "moved for a dismissal of the complaint and a direction, which motions were denied; that it was then found that the court stenographer was not there and deponent" (defendant's counsel) "asked the court to have the concession and the motions placed on the record, which the court said would be done; that thereupon both sides were directed to retire to the anteroom with the jury and there sum up the case so that the court might proceed with the other trial. * * * The directions of the court in this respect were obeyed; and just as the jury and counsel were about to retire to the anteroom the official court stenographer appeared and was notified by deponent with respect to the concession and the motion and stated that he would place the same upon the record."

[2] The concession appears in the stenographer's minutes, but no record of any motion to dismiss or to direct a verdict, and the trial justice states that in accordance with his recollection no such motion was made. With regard to this, the recollection of the trial justice, sustained by the stenographer's minutes of the trial, must control.

The order appealed from should be modified by amending the proposed case on appeal so far as amendments 6, 8, and 12 relate thereto, by substituting therefor a transcript of the stenographer's minutes of the trial, and, as thus modified, it should be affirmed, without costs.