William E. S. Dyer, Respondent, v. J. Y. J. Corporation, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1917.)

Appeal— when, deemed abandoned — case — judgments — City Court of
   city of New York — rules 33 and 35 of General Rules of Practice —
   Code Civ. Pro. § 997.

   The abrogation of rule 35 of the General Rules of Prac-
tice, which provided that an appeal should be deemed to be
abandoned unless the party making a case should procure
it to be signed and filed within ten days after it had been
settled, did not change the rule that a case must still be
" settled " by the trial justice.

   Where an appellant on appeal from a judgment of the
City Court of the city of New York has failed to make and
serve a case within the required time the proper practice is
to move in the court below, under rule 33 of the General
Rules of Practice, for an order declaring that the appellant
has waived his right to make a case and terminating the
proceeding by declaring it abandoned, and, upon obtaining
an order to that effect, to move in the appellate court for an
order dismissing the appeal.

   Under section 997 of the Code of Civil Procedure it is the
duty of the appellant in such case to procure the case on
appeal to be settled and signed by the trial justice.

Motion to dismiss an appeal from a judgment of
the City Court of the city of New York.

Keith & Abbot (Everett V. Abbot, of counsel), for
appellant.

Maurice B. Gluck, for respondent.

Guy, J.   This is a motion to dismiss an appeal from
a judgment of the City Court upon the ground that
more than twenty days have elapsed since the case

Appellate Term, First Department, May, 1917.     [Vol. 100.

upon appeal was settled. See Appellate Term Rules, rule 3.

The appellant herein served the proposed case upon appeal on April 4, 1917, and the respondent did not serve any proposed amendments thereto within the ten days provided by rule 32 of the General Rules of Practice. Under rule 33 of said rules a party who omits to make a case on appeal, within the time required by rule 32, General Rules of Practice, or if a case is made within the required time and the other party fails to propose amendments thereto, and a notice of appearance before the judge or referee who tried the case is not given, the one party is "deemed to have agreed to the case as proposed" and the other party to have "agreed to the amendments."

Rule 3 of the Appellate Term Rules provides that if the appellant from a judgment of the City Court does not cause the printed papers upon appeal to be filed with the clerk and serve three copies upon his adversary within twenty days "after the settlement of the case on appeal" the respondent may move to dismiss," etc. In the case at bar the respondent moved in the City Court for an order declaring the appeal abandoned. This motion was denied, the learned trial justice in the court below holding that the ten days in which the respondent had to serve proposed amendments to the case not having expired the motion was prematurely made, but stated in his opinion as follows: "The procedure is bad. The case being deemed settled when no amendments were served, the control of the appeal passes out of the trial court's power and a motion to dismiss at the appellate court is indicated."

Acting upon this suggestion the respondent makes this motion. The appellant shows in opposition, that immediately the time for the respondent to submit

his proposed amendments to the case had expired the case was placed with the justice who tried the case for examination and settlement, and that up to the time of filing the opposing affidavit in this motion no action had been taken thereon. We think the practice is correct. A case is not " deemed settled " upon the failure of the respondent to serve proposed amendments within ten days after the proposed case is served and rule 33, General Rules of Practice, does not so declare. It simply provides that, under circumstances as shown here, the parties must be deemed to have " agreed " to the proposed case on appeal. It still requires action thereon by the trial justice. Section 997 of the Code of Civil Procedure declares that a party appealing must make a case and procure the same " to be settled and signed " by the judge, etc. A case on appeal cannot be settled by stipulation of the parties. *Watson* v. *Duncan,* 29 Misc. Rep. 447. A trial justice has authority under certain circumstances to correct the case even after it has been filed. *McManus* v. *Western Assurance Co.,* 40 App. Div. 86. Improper matter may be expunged by the court. *Wierich* v. *Innis,* 32 Misc. Rep. 462.

There is no such practice as the automatic settlement of a case upon appeal. It requires some affirmative action by the trial justice before it can be deemed settled, and he alone must be satisfied as to what it contains. The abrogation of rule 35 of the General Rules of Practice, which provided that an appeal should be deemed to be abandoned unless the party making a case should procure it to be signed and filed within ten days after it had been settled, did not change the rule that a case must still be " settled " by the trial justice, and after a case has been settled, and the same has been printed, such printed case must be ordered filed in the appellate court. Code Civ.

Pro. § 1353. Since rule 35 of the General Rules of Practice was abolished, the proper practice, where an appellant has failed to make and serve a case within the required time, is to move in the lower court, under rule 33 of the General Rule of Practice, for an order declaring that the appellant has waived his right to make a case and terminating the proceedings by declaring it abandoned (*Musica* v. *Di Marco,* 74 Misc. Rep. 387) and, upon obtaining an order to that effect, to move in the appellate court for an order dismissing the appeal. It is the duty of the appellant, however, to procure the case on appeal to be settled and signed by the judge or referee who tried it. Code Civ. Pro. § 997. Undoubtedly the trial justice will promptly do so if his attention is called to the necessity therefor. As the matter now stands, however, this motion must be dismissed, but without costs.

WHITAKER and FINCH, JJ., concur.

Motion dismissed, without costs.