In the Matter of the Estate of LOUIS WARDI, Deceased. MARION C. WARDI, Appellant; JOSEPH HEIMOWITZ, as Executor of LOUIS WARDI, Deceased, et al., Respondents.— Appeal by the surviving spouse of the testator from so much of an order and decree (one paper) of the Surrogate's Court, Queens County, as determines that her notice of election to take her share of the estate as in intestacy, pursuant to section 18 of the Decedent Estate Law, is invalid and ineffective. Order and decree, insofar as appealed from, unanimously affirmed, with costs to respondents, payable out of the estate. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS McGOLD-RICK, Appellant.— On reargument and on the record on appeal, as amended, the decision of this court dated May 3, 1954 (283 App. Div. 948), and the order of reversal of the judgment entered thereon, are vacated, and the judgment of conviction is unanimously affirmed. It appears that the trial minutes were erroneous because of a stenographer's errors, and that the trial judge used the word "stipulation" and not "speculation". An order was made by the trial judge, correcting the minutes; a supplemental notice of appeal has been filed to include said order which is before this court by consent of the parties. In the absence of a clear showing of abuse of power, the certification of the trial minutes by the trial judge will be held conclusive. (Ditmas v. McKane, 87 App. Div. 54, 55–56; Thomas v. American Molasses Co., 158 App. Div. 692, 693; Bromley v. Mollnar, 179 Misc. 713, 719; People v. Buccufurri, 154 App. Div. 827, 829; People ex rel. Hirschberg v. Orange Co. Court, 271 N. Y. 151.) No separate appeal lies from the order correcting the trial minutes or from the intermediate orders, all of which have been reviewed on the reargument of the appeal from the judgment of conviction. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.