■ JOHN J. COTT et al., Appellants, v. GENERAL MOTORS CORP., Respondent.— In an action by homeowners who purchased, from a distributor, steel tubing manufactured by defendant for radiant heating, to recover damages for breach of warranty and negligent misrepresentation in advertising, judgment was entered dismissing the complaint upon the merits at the close of the plain-

tiffs' case, on the ground that privity of contract was essential. Plaintiffs' proposed record on the appeal therefrom omitted the testimony, it being claimed that the record presented shows that the dismissal was on the law, not on the facts, and that the testimony is not material to the questions to be raised on the appeal. The instant appeal is by the plaintiffs from an order allowing one of the amendments proposed by the defendant and settling the case on the appeal from the judgment so as to include the transcript of the testimony given at the trial. Order affirmed, with $10 costs and disbursements. On an appeal from a judgment entered upon the dismissal of a complaint at the close of a plaintiff's case, the appellate court is not limited to a review of the ground assigned by the trial court for its action but must examine the entire record (*Baker* v. *Interurban St. Ry. Co.*, 86 N. Y. S. 9). In so doing, this court might well find, on the appeal from the judgment, that the dismissal was proper because of failure of proof although not, perhaps, for lack of privity. Therefore, it is plain that the testimony is material to the questions to be raised upon the appeal from the judgment and, consequently, must be included in the record on appeal (see Civ. Prac. Act, §§ 575, 576; Rules Civ. Prac., rules 232, 234; *Great Riv. Realty Corp.* v. *Rector, Churchwardens & Vestrymen of Emanuel Church*, 283 App. Div. 962; *Matter of Zacoum*, 283 App. Div. 1059). Settlement of the case on appeal lies within the discretion of the Trial Justice (*Village of Port Chester* v. *Sheehan*, 5 A D 2d 839; *People* v. *McGoldrick*, 284 App. Div. 978; *Hopper* v. *Comfort Coal-Lumber Co.*, 276 App. Div. 869). In the *Hopper* case (*supra*) this court said "Proper practice requires that the case on appeal be settled by the trial justice and not by this court." There was no abuse of such discretion in the case at bar. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.