■ EDWARD E. WEIS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57511.)—Appeal from an order of the Court of Claims, entered September 12, 1975, which denied a motion by claimant for an order settling the transcript and approving certain corrections of the transcript as requested by the State. After trial of a claim against the State, the typewritten record of the proceeding together with a stipulation was mailed to the office of the Attorney-General on July 7, 1975. On July 21, 1975, the Attorney-General's office returned the record, with certain requested corrections. Claimant disagreed with the requests and moved in the Court of Claims for an order settling the transcript. By the order presently appealed from the Court of Claims settled the transcript as corrected in accordance with the Attorney-General's requests. "The rule is well settled that 'in the settlement of a case, what occurred upon the trial must be ascertained from what the presiding justice finds to be the truth. *(Matter of Tweed v Davis,* 1 Hun, 252, 255.) And "he may hear and consider the affidavits of the parties and their counsel, inspect their notes as well as his own, and consult his own recollection as well as other accessible means of information for the purpose of settling the controversy between the parties concerning what may have actually taken place." But if he is asked to place upon the record statements of fact which are at variance with his own memory of what happened, he cannot be compelled to do so, nor would it be proper that he should. It is not only his right, but his duty, to settle the case according to

his own recollection of what occurred, if he is perfectly confident that such recollection is correct.' *(Grossman v Supreme Lodge of Knights & Ladies of Honor,* 22 N. Y. St. Repr. 522; *James v Work,* 51 id. 323.) * * * The courts do not look with favor upon contests of this character, and the orderly administration of the law requires that the determination of matters of this kind should be conclusive, unless there is a manifest abuse of power. *(James v Work, supra.* See, also, *McManus v Western Assurance Co.,* 40 App Div 86.)" *(Ditmas v McKane,* 87 App Div 54, 55–56.) Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Herlihy and Reynolds, JJ., concur.