## (November 25, 1981)

WILLIAM S. MCLAUGHLIN et al., Appellants, v UNITED AIRLINES, INC., Respondent. — Appeal from that portion of an order of the Supreme Court at Special Term (Hughes, J.), entered October 24, 1980 in Rensselaer County, which denied certification of the correctness of certain amendments to the trial transcript. In the course of perfecting an appeal from a judgment entered following a jury trial and adverse jury verdict, plaintiffs sought an order settling the trial transcript and certifying the correctness of certain amendments. By order entered June 19, 1979, Special Term refused to grant the motion as to those amendments to which defendant objected upon the ground

that plaintiffs failed to provide a complete trial transcript. Plaintiffs appealed and this court modified the order by inserting a provision that insofar as the motion by plaintiffs was denied, it was without prejudice to an application upon submission of the entire transcript. Thereafter, plaintiffs renewed their motion to settle the transcript and certify the correctness of certain amendments proposed by them. Upon consideration of the entire transcript, Special Term again refused to grant the motion as to those amendments to which defendant objected on the ground that the transcript, as certified by the official reporter, constituted an accurate record of the trial proceedings. This appeal by plaintiffs ensued. The responsibility of settling the trial transcript and deciding any controversies between the parties with respect to such transcript is that of the Trial Judge (CPLR 5525, subd [c]; see, also, *Kraemer v Gallagher,* 21 AD2d 682; *Cott v General Motors Corp.,* 10 AD2d 853, 854). Moreover, it is well established that in the absence of a clear showing of abuse of power, the certification of the trial minutes by the Trial Judge will be held conclusive *(Thomas v American Molasses Co.,* 158 App Div 692, 693; see, also, *People v McGoldrick,* 284 App Div 978). There was no abuse in the case at bar and, accordingly, the order should be affirmed. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.