■ In the Matter of DEAN LOREN, Appellant, v DIANE B. MARRY, Respondent. [600 NYS2d 369] —Crew III, J. Appeals (1) from a judgment of the County Court of Saratoga County (Williams, J.), entered April 10, 1992, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to RPAPL article 7, to recover possession of real property, and (2) from an order of said court, entered December 21, 1992, which, *inter alia,* denied petitioner's motion to vacate the judgment.

At some point prior to April 11, 1989, Stephen Marry purchased a residence located in Gansevoort, Town of Northumberland, Saratoga County. On April 11, 1989, Marry entered into a 99-year agreement with petitioner, granting petitioner a "lease" in the premises "solely for the life of [his] relationship with [Marry]". The agreement provided that Marry could sell the residence at any time without petitioner's approval and that petitioner's "lease" would terminate at that point. Petitioner's relationship with Marry ended on or about December 1, 1991 and, on December 4, 1991, Marry sold the house to respondent, his mother, for $60,500. Respondent thereafter wrote to petitioner attempting to make arrangements for the return of petitioner's personal effects. Believing

that he had a possessory interest in the premises, petitioner attempted to gain entry and was subsequently charged with trespass.

Petitioner, appearing *pro se*, thereafter commenced this proceeding pursuant to RPAPL article 7 seeking to recover possession of the premises. A nonjury trial followed and, at the close of petitioner's case, respondent moved for a directed verdict. County Court granted the motion and dismissed the petition. Petitioner thereafter submitted proposed amendments to the transcript and, additionally, moved to vacate the judgment entered in respondent's favor on the grounds of fraud and/or misrepresentation. County Court denied both applications, and these appeals by petitioner followed.

We affirm. Initially, we reject petitioner's assertion that the agreement he entered into with Marry constituted a lease. "The test for determining what constitutes a lease * * * [is] whether it is the manifest intent of the parties, gleaned from a consideration of the entire contents of the instrument involved, that exclusive control and possession of specified space for a specified term have been granted, subject to reserved rights" (74 NY Jur 2d, Landlord and Tenant, § 9, at 41-42; *see,* 1 Rasch, New York Landlord and Tenant—Summary Proceedings §§ 2:1, 4:11, at 104, 180 [3d ed]). Here, although the agreement in question refers to Marry and petitioner as landlord and tenant, respectively, the nomenclature used by the parties is immaterial *(see,* 1 Rasch, New York Landlord and Tenant—Summary Proceedings § 4:11, at 182 [3d ed]). Additionally, while the payment of rent is evidence of a landlord-tenant relationship *(see,* 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 38:7, at 597 [3d ed]), the rent here was nominal and was not payable until the expiration of the agreement in 2088. In short, based upon our review of the document as a whole, we cannot conclude that the agreement entered into between Marry and petitioner was intended to grant petitioner exclusive possession of the premises. Rather, we are of the view that the agreement may be fairly characterized as a license, granting petitioner a " 'personal, revocable and non-assignable privilege, conferred * * * by writing * * *, to do one or more acts upon [Marry's] land without possessing any interest therein' " (1 Rasch, New York Landlord and Tenant—Summary Proceedings § 4:11, at 180 [3d ed], quoting *Greenwood Lake & Port Jervis R. R. Co. v New York & Greenwood Lake R. R. Co.,* 134 NY 435, 440). Under the terms of the agreement, that privilege ceased to exist upon the happening of two specified events—the end of

petitioner's relationship with Marry or Marry's decision to sell the premises—both of which occurred in December 1991. We must therefore conclude that petitioner retains no right or privilege in what is now respondent's residence. Petitioner's remaining arguments on this issue have been examined and found to be lacking in merit.

We similarly reject petitioner's assertion that County Court abused its discretion in denying petitioner's request to amend the transcript. Even assuming that petitioner has not waived any objection in this regard by stipulating to the accuracy of the transcript following County Court's hearing on this issue, we are of the view that petitioner has failed to demonstrate a clear abuse of power on the part of County Court and, therefore, deem that court's certification of the transcript conclusive *(see generally, McLaughlin v United Airlines,* 84 AD2d 883, 884). Finally, with respect to petitioner's motion to vacate the judgment, the allegations made by petitioner in this regard fail to rise to the level of fraud or misrepresentation and, therefore, the motion was properly denied *(see generally, LaPaglia v Sears Roebuck & Co.,* 143 AD2d 173, 178-179, *lv dismissed, lv denied* 74 NY2d 624).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment and order are affirmed, without costs.